UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-189-FDW

| | |
|---|---|
| JAMES C. MCNEILL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN HERRING, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff's is proceeding in forma pauperis. (Doc. No. 8).

**I.     BACKGROUND**

Pro se Plaintiff is a North Carolina inmate currently incarcerated at Polk Correctional Institution in Butner, North Carolina. Plaintiff filed this action on April 12, 2018, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants, all alleged to be employees at Lanesboro Correctional Institution at all relevant times: FNU Hinson, FNU Simmons, FNU Allen, FNU Turgeon, and FNU Kinney, all identified as correctional officers at the prison; John Herring, identified as a correctional superintendent at the prison; and William Horne, identified as a correctional housing unit manager at the prison. (Doc. No. 1). Plaintiff alleges that Defendants Allen and Horne violated his First Amendment right to access to the courts by refusing to deliver him his legal mail on various dates. Plaintiff also alleges that Defendants Hinson, Simmons, and Turgeon used excessive force again him on June 21, 2017. Plaintiff also appears to be bringing a bystander claim against Defendants Kinney and Allen for being present during the excessive force incident, but doing nothing to stop or prevent the excessive force.

1

Finally, Plaintiff alleges that he reported the incident to Defendant Herring and others, but prison officials did nothing in response. Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Court finds that Plaintiff's First Amendment claim against Defendants Allen and Horne is not clearly frivolous and, thus, survives initial review as to these Defendants. Furthermore, Plaintiff's Eighth Amendment claim for excessive force survives as to Defendants Hinson, Simmons, and Turgeon, and Plaintiff's bystander liability claim against Defendants Kinney and Allen also survives initial review. Plaintiff's claim against Defendant Herring, however, will be dismissed. Plaintiff alleges no personal participation by this Defendant, aside from the fact that Plaintiff complained to him, and he took no action in response. It is well settled that Defendant Herring cannot be held liable merely by virtue of his position as a

supervisor at the prison based on respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply).

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's claim is not clearly frivolous as to all Defendants except for Defendant Herring, who shall be dismissed as a Defendant.

**IT IS, THEREFORE, ORDERED that:** .

1. Plaintiff's action survives initial review under 28 U.S.C. § 1915(e) as to all named Defendants, except for Defendant Herring, who shall be dismissed and terminated as a Defendant.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for all Defendants, except for Defendant Herring, who shall be dismissed and terminated as a Defendant.

Signed: February 5, 2019



Frank D. Whitney
Chief United States District Judge