UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00189-MR

| | |
|---|---|
| JAMES C. MCNEILL, )<br>)<br>        Plaintiff, )<br>)<br>vs. )<br>)<br>FNU HINSON, et al., )<br>)<br>        Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on its own motion.

Pro se Plaintiff James C. McNeill ("Plaintiff") is a North Carolina prisoner currently incarcerated at Polk Correctional Institution in Butner, North Carolina. Plaintiff filed this action in this Court on April 12, 2018, pursuant to 42 U.S.C. § 1983, against Defendants John Herring, FNU Hinson, FNU Simmons, William Horne, FNU Allen, FNU Turgeon, and FNU Kinney. [Doc. 1]. Plaintiff's Complaint survived initial review on February 5, 2019, except as to Plaintiff's claim against Defendant Herring. [Doc.11]. Defendants Simmons, Allen, and Kinney executed waivers of service. [Doc. 16].

On April 8, 2019, the North Carolina Department of Public Safety (NCDPS) filed a document under seal indicating it was unable to procure a

waiver of service for Defendants FNU (Michael D.) Hinson, William Horne, and FNU (Thomas B.) Turgeon for the reasons stated in that document.[1] [Doc. 17]. The sealed document provides the last known addresses for Defendants Hinson, Horne, and Turgeon. [See id.].

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

---

[1] The Court recognizes that this delay in service on these Defendants may lead to the need for additional discovery and/or an extension of the dispositive motions' deadline in this case. The Court will address such needs as appropriate.

2

Here, despite that requests for waivers of service were submitted to the NCDPS, no waivers from Defendants Hinson, Horne, or Turgeon were obtained. As such, it does not appear that these Defendants actually ever received service of process. With the additional information supplied for service on Defendants Hinson, Horne, or Turgeon, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on these Defendants in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 17 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendants Hinson, Horne, or Turgeon.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Clerk of Court will send a copy of this Order, Docket No. 1, and Docket No. 17 to the U.S. Marshals Service. The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendants Hinson, Horne, or Turgeon in accordance with Rule 4.

The Clerk is also respectfully instructed to update the docket in this matter to reflect the full names provided for Defendants Hinson and Turgeon in Docket No. 17.

**IT IS SO ORDERED**.

Signed: September 11, 2020

Martin Reidinger
Chief United States District Judge