# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-00189-MR

| | |
|---|---|
| JAMES C. MCNEILL, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| MICHAEL D. HINSON, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Request for a Preliminary Injunction, Temporary Restraining Order and Sanctions." [Doc. 57].

Pro se Plaintiff James C. McNeill ("Plaintiff") is a North Carolina prisoner currently incarcerated at Polk Correctional Institution ("Polk CI") in Butner, North Carolina. Plaintiff filed this action on April 12, 2018, pursuant to 42 U.S.C. § 1983, against Defendants Herring, Hinson, Simmons, Horne, Allen, Turgeon, and Kinney, all identified as employees of Lanesboro Correctional Institution ("Lanesboro CI") at the relevant times, based on events alleged to have occurred while Plaintiff was incarcerated at Lanesboro CI. [Doc. 1]. Plaintiff's Complaint survived initial review on February 5, 2019, except as to Plaintiff's claim against Defendant Herring.

[Doc. 11]. The parties did not file dispositive motions in this matter and the matter has been set for trial on September 13, 2021. [See 3/17/2021 Docket Entry].

Now before the Court is Plaintiff's motion for "preliminary injunction, temporary restraining order and sanctions." [Doc. 57]. In this motion, Plaintiff complains that some of his legal materials were taken on January 26, 2021 by correctional officers at Polk CI because Plaintiff had too much personal property in his cell. Plaintiff was told the materials would be stored in the H-CON Unit Personal Property Storage Room. Plaintiff, however, discovered on March 17, 2021 that his materials were not in the Storage Room and that his materials are now missing. [Id.]. Plaintiff does not request any particular relief, but the Court assumes that he is seeking an injunction requiring the return of his materials. [See id.].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531,

542 (1987). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

Plaintiff's motion for preliminary injunctive relief fails. The relief Plaintiff requests does not relate to the instant lawsuit. Plaintiff's suit arises out of alleged events occurring at Lanesboro CI. Here, Plaintiff seeks injunctive relief against individuals who are not parties to the instant suit and related to conduct wholly distinct from that at issue in the instant lawsuit. It is not within the Court's purview to order the relief sought by Plaintiff under these circumstances. Rather, to the extent the missing legal materials consist only of case filings, research, Plaintiff's own notes and the like, Plaintiff's remedy is with the internal prison grievance system, not with this Court. To the extent, however, that the missing legal materials includes evidence that Plaintiff intends to introduce at the trial in this matter, Plaintiff may raise the issue at the final pretrial conference in this case. The Court will address the matter then. The Court will, therefore, deny Plaintiff's request for injunctive relief and sanctions without prejudice to Plaintiff seeking to address the

missing evidence at the final pretrial conference in this matter.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 57] is **DENIED** without prejudice in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: April 13, 2021

Martin Reidinger
Chief United States District Judge