IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00189-GCM

JAMES C. MCNEILL,

    **Plaintiff,**

v.

MICHAEL D. HINSON,
THOMAS B. TURGEON,
FNU SIMMONS,
FNU KINNEY,
WILLIAM HORNE,
FNU ALLEN,

    **Defendants.**

**ORDER**

**IN ACCORDANCE WITH** the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the undersigned enters the following abbreviated Pretrial Order and Case Management Plan in this matter.

## I. TRIAL

The trial is scheduled for **November 1, 2021** and is expected to take **two (2)** days.

## II. TRIAL PROCEDURES

A.   **TRIAL SUBPOENAS:** Counsel must subpoena all witnesses at least ten (10) business days before the trial date. The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

B.   **COUNSEL'S DUTIES PRIOR TO TRIAL:**

1. At least 30 days before the trial, Counsel for each party shall complete their Pretrial Disclosures pursuant to Rule (26)(a)(3).

2. **DEPOSITION TESTIMONY:** At least **four full weeks** before the first day of the term in which this case has been placed on a published trial calendar, counsel who intends to offer portions of depositions into evidence pursuant to Rule 32 shall serve on opposing counsel such portions of deposition testimony that he or she intends to offer into evidence as well as the basis under Rule 32(a) for the use of such depositions. Within three business days after receipt of the above, opposing counsel shall serve upon designating counsel any objections to the designated portions along with any counter-designations pursuant to Rule 32(a)(4). Any objections to counter-designations must likewise be served three business days after receipt of the counter-designations. At least **two full weeks** prior to the first day of the term, counsel are directed to jointly file with the Court a copy of the designations, counter-designations, and objections thereto for the Court to consider prior to trial.

C. **COUNSEL'S FILINGS BEFORE TRIAL: Four full weeks before the trial,** counsel for each party shall file with the Court:

    (a) A trial brief addressing all questions of law and any anticipated evidentiary issues,

    (b) A joint statement of the issues remaining for trial, if agreed upon by counsel, or if counsel cannot agree upon the issues remaining for trial, each party shall file its own statement of the issues;

    (c) In all non-jury cases, proposed Findings of Fact and Conclusions of Law;

    (d) Proposed jury instructions, as described below; and

    (e) Requested questions for voir dire.

The deadline indicated on the published trial calendar may not be extended for any

reason.  **Failure to comply with this deadline WILL result in sanctions.**

Motions *in limine* shall be filed no later than three (3) weeks before the first day of the term in which the case has been placed on a published trial calendar.  Responses to motions *in limine* shall be filed within five (5) business days of receipt of the motions *in limine*.

D. **PROPOSED JURY INSTRUCTIONS:**  If a jury trial has been requested, all counsel shall file proposed jury instructions **four full weeks before the trial**.  Additional instructions may be filed during the trial as circumstances may require.  Counsel should number each proposed instruction and shall file each proposed instruction on a separate page.  Each proposed instruction should contain a supporting citation(s) as a footnote.

E. **JURY VOIR DIRE:**  The Court, after consideration of the requests for voir dire filed by counsel in compliance with Paragraph C above, shall conduct jury voir dire.  Counsel will be given a limited opportunity to conduct additional voir dire, subject to the Court's supervision for reasonableness and relevance.

F. **SANCTIONS FOR COUNSEL'S FAILURE TO MEET DEADLINE FOR FILING:**  If any party fails to comply timely with any provision of Paragraphs B, C and D above, the Court will impose such sanctions as the Court deems appropriate within the Court's power to do so.

G. **COUNSEL'S FILINGS ON THE FIRST DAY OF TRIAL:**  No later than the morning of the first day of trial, counsel for each party shall file:

(a) A witness list containing the name of every proposed witness;

(b) A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert

witness;

(c) Stipulations concerning the authenticity of as many proposed exhibits as possible; and

(d) An exhibit list.

Four (4) courtesy copies of the above are to be provided to the courtroom deputy.

H. **EXHIBITS:** Parties are expected to use presentation technology available in the courtroom to display evidence to the jury in accordance with Local Rule 79.1(a). Parties are expected to have a physical copy of depositions with designations and counter designations available to read to a jury, with exhibits in electronic format so that deposition testimony may proceed without interruption.

I. **FORMAT FOR EXHIBIT LIST:** In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

Exhibit #            Description         Identified by            Admitted

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column. Counsel shall also provide an electronic copy of the exhibit list with the electronic exhibit files.

J. **ASSESSMENT OF JURY COSTS:** Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and per diem fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the

action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

### III. SANCTIONS

Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions.

**IT IS SO ORDERED**.

Signed: August 6, 2021

Graham C. Mullen
United States District Judge