UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
File No.: 3:18-cv-00189-GCM

JAMES C. MCNEILL,

                    Plaintiff,


      v.


MICHAEL D. HINSON,
THOMAS B. TURGEON,
FNU SIMMONS,
FNU KINNEY,
WILLIAM HORNE,
FNU ALLEN,


                    Defendants.

**DEFENDANTS' PROPOSED
JURY INSTRUCTIONS**

NOW COMES Defendants Simmons, Allen, Kinney ("Defendants") by and through undersigned counsel, and submit the below Proposed Jury Instructions. The Defendants hereto reserve the right to supplement these jury instructions, as necessary, at the close of evidence as contemplated by Rule 51 of the Federal Rules of Civil Procedure.

# Preliminary Instructions

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is James McNeill. The parties being sued is called the defendants. In this action, the defendants are Brett Simmons, Laura Kinney and Felicia Allen.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Later, I will instruct you about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind

and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.[1]

---

[1] 3 Fed. Jury Prac. & Instr. § 101:01 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:01 (6th ed.)

## Order of Trial

The case will proceed as follows:

First, each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show.

After the opening statements, the plaintiff will present evidence in support of plaintiff's claim and the defendant's lawyer may cross-examine the witnesses. At the conclusion of the plaintiff's case, the defendant may introduce evidence and the plaintiff's lawyer may cross-examine the witnesses. The defendant is not required to introduce any evidence or to call any witnesses.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.[2]

---

[2] 3 Fed. Jury Prac. & Instr. § 101:02 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:02 (6th ed.)

## Claims and Defenses

The positions of the parties can be summarized as follows:

Plaintiff claims that Defendants, while acting under color of state law, violated Plaintiff's First Amendment rights and Eighth Amendment rights by denying him access to the courts by refusing to deliver him his legal mail on various dates and by using excessive force against him or by being present during an excessive force incident but doing nothing to stop or prevent the excessive force.

Defendants deny those claims.[3]

---

[3] 3 Fed. Jury Prac. & Instr. § 101:03 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:03 (6th ed.)

**Province of Judge and Jury**

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.[4]

---

[4] 3 Fed. Jury Prac. & Instr. § 101:10 (6th ed.), 3 Fed. Jury Prac. & Instr. § 101:10 (6th ed.)

**Evidence – Limitations**

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated—that is, formally agreed to by the parties; and any facts that have been judicially noticed—that is facts which I say you must accept as true.

Certain things are not evidence.  I swill list those things for you now:

1.      Statements, arguments, questions, and comments by lawyers are not evidence.

2.      Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3.      Objections are not evidence.  Lawyers have a right and sometimes an obligation to object when they believe something is improper.  You should not be influenced by the objection.  If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4.      Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5.      Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I will tell you if that occurs, and instruct you on the purposes for which the item can and cannot be used.

**Credibility of Witnesses**

Now, ladies and gentlemen of the jury, in this case as in most cases, you are called upon to make a credibility or "believability" determination with regard to the witnesses. The court instructs you that you are the sole judges of the credibility of the witnesses and the weight their testimony deserves. While there is no absolute or arbitrary guide or measure by which you shall determine the truthfulness or untruthfulness of a witness, the court will point out to you certain general principles which you should consider when you pass upon this phase of this case. Among the things which you may properly consider in the determination of the credibility of the witnesses are:

1.      Whether the witness has any motive or reason for being truthful or untruthful in his or her testimony.

2.      His or her interest, if any, in the outcome of the case.

3.      Whether there has appeared from his or her attitude or conduct any bias, prejudice or feeling which may cause his or her testimony to be influenced.

4.      Whether his or her testimony bears the earmarks of truthfulness.

5.      To what extent, if any, it is corroborated or confirmed by other testimony which is not questioned, or to what extent, if any, it is corroborated or confirmed by known or admitted facts.

6.      You may consider the intelligence and mental capacity of a witness and his or her opportunity to have accurate knowledge of the matters to which he or she testifies.

The court instructs you that you may believe all that a witness says or none, or believe part and disbelieve part. You may consider the interest which the witness may have in your verdict, the demeanor of the witness on the stand, the reasons for his or her testimony and the means which the witness may have to know the things to which he or she has testified. If you find a witness interested in your verdict, it is your duty to scrutinize his or her testimony closely, but after you have done so and if you find he or she is telling the truth in whole or in part, you will give that testimony the same weight you would that of a disinterested witness.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary. It is your duty, ladies and gentlemen of the jury, to find the truth of this matter.

# FINAL JURY INSTRUCTIONS

## Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

The lawyers or parties have properly referred to some of the governing rules of law in their arguments.  If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

### All Litigants Equal Before the Law

      This case should be considered and decided by you as a dispute between persons of equal worth. All persons stand equal before the law and are to be treated as equals.[5]

---

[5] Where the plaintiff is a prisoner, it may be prejudicial error to refuse to instruct in this language. Kerr v. City of Chicago, 424 F.2d 1134, 1138–39 (7th Cir.), cert. denied, 400 U.S. 833, 91 S.Ct. 66, 27 L.Ed.2d 64 (1970) (prisoner's civil rights action against police officer).

**Contentions Not Evidence**

The lawyers or parties have outlined their contentions to you on two separate occasions. First, in their opening statements they outlined what they contended in this case. Then in their summations - that is, the final arguments - they have argued again their contentions. That's proper.

Now the lawyers have also argued the facts. While that's permissible under our system of government - the lawyers can argue to you what they say the evidence tends to show and the reasonable inferences which you should draw from the evidence - the court must hasten to instruct you that you are the sole judges of the facts. It is your duty and responsibility in the trial of this case to find the facts, and you must do so from the evidence presented here in this courtroom.

It is your duty, therefore, to remember all of the testimony, and if your recollection differs from that of the lawyers, then you take your own recollection, not that of the attorneys. If I were to review the evidence - which I will not do - but if I were to do so, and your recollection differed from my recollection, you would take yours and not mine.

In your deliberations, you should consider only the evidence -that is, the testimony of the witnesses and the exhibits - but as you consider the evidence, you may make deductions and reach conclusions which reason and common sense lead you to make.

### Direct and Circumstantial Evidence

There are two types of evidence from which a jury may properly find the facts in this case. One is direct evidence - such as the testimony of an eye witness. The other is circumstantial evidence - the proof of a chain of circumstances pointing to the facts desired to be established.

Circumstantial evidence is that evidence which tends to prove a disputed fact by proof of other facts which have a legitimate tendency to lead the mind to a conclusion that the fact exists which is sought to be established. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you the jury must be satisfied of the facts to be established in the case by a preponderance or greater weight of the evidence.

Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet, this is equally true of testimonial evidence. In both instances, you will be asked to weigh the chances that the evidence correctly points to the establishment of the facts against the possibility of inaccuracy or ambiguous inferences. In both, you must use your experience with people and events in weighing the probabilities.

**Inferences**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**Discrepancies in Testimony**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## Impeachment – Inconsistent Statement or Conduct

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves. If a witness is shown to have knowingly testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. An act or omission is "knowingly" done if it is done voluntarily and intentionally, and not because of a mistake or accident or other innocent reason.

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of his testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief. Also, remember that the law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## Impeachment – Conviction of Crime

You have heard evidence that Mr. McNeill was convicted of crimes. You may consider evidence of a witness's prior conviction of a crime only as it may affect the credibility of that witness. Such a conviction does not necessarily destroy the witness's credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.

## All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## Law Enforcement Officer Testimony

You must evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to the officer's testimony because the witness is a law enforcement officer.[6]

---

[6] 3 Fed. Jury Prac. & Instr. § 105:13 (6th ed.), 3 Fed. Jury Prac. & Instr. § 105:13 (6th ed.)

**Section 1983 – Introduction Instruction**

Mr. McNeill is suing under Section 1983, a law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

## Section 1983 – Burden of Proof

This is a civil case.  Mr. McNeill is the party who brought this lawsuit.  The Defendants are the party against whom the lawsuit was filed.  Mr. McNeill has the burden of proving his case by what is called preponderance of the evidence.  That means Mr. McNeill has to prove to you, in light of all of the evidence, that what he claims is more likely so than not so.  To say it differently: if you were to put the evidence favorable to Mr. McNeill and the evidence favorable to Mr. Laur on opposite sides of the scales, Mr. McNeill would have to make the scales tip somewhat on his side.  If Mr. McNeill fails to meet this burden, the verdict must be for the Defendants.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard of proof and it applies only to criminal cases.  It does not apply in civil cases such as this.  So you should put it out of your mind.

## Section 1983 – Elements of Claim

Mr. McNeill must prove both of the following elements by a preponderance of the evidence:

First:        The Defendants acted under color of state law.

Second:        While acting under color of state law, the Defendants deprived Mr. McNeill of his First and Eighth Amendment rights.

I will now give you more details on action under color of state law, after which I will tell you the elements Mr. McNeill must prove to establish a violation of his First and  Eighth Amendment rights.

**Section 1983 – Action under Color of State Law**

Because the Defendants were an officials of the state of North Carolina at the relevant time, I instruct you that he was acting under color of state law.  In other words, this element of Mr. McNeill's claim is not in dispute, and you must find that this element has been established.

## Section 1983 – Deprivation of a Federal Right

The second element of Mr. McNeill's claim is that the Defendants deprived Mr. McNeill of his First and Eighth Amendment rights.

**Section 1983 – Excessive Force – Convicted Prisoner**

The Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment, protects convicted prisoners from malicious and sadistic uses of physical force by prison officials. *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S. Ct. 1175, 1178, 175 L.Ed.2d 995 (2010)

Plaintiff claims that Defendants, while acting under color of state law, violated Plaintiff's Eighth Amendment rights. Defendants denies these claims.

In order to establish his claim for violation of the Eighth Amendment, Mr. McNeill must prove that the Defendants used force against Mr. McNeill maliciously and sadistically, for the purpose of causing harm, rather than in a good faith effort to maintain or restore discipline. It is not enough to show that, in hindsight, the amount of force seems unreasonable; Mr. McNeill must show that the Defendants used force maliciously and sadistically, for the purpose of causing harm. In just a minute, I will instruct you about the definitions of "maliciously" and "sadistically." Mr. McNeill must also prove that the Defendants use of force caused some harm to Mr. McNeill. *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996); *Hudson v. McMillian,* 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992).

In deciding whether Mr. McNeill has proven this claim, you should consider whether the Defendants used force against Mr. McNeill, whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied. In considering whether there was a need for force, you should consider all the relevant facts and circumstances that the Defendants reasonably believed to be true at the time of the encounter. Such circumstances can include whether the Defendants reasonably perceived a threat to the safety of staff or inmates, and if so, the extent of that threat. In addition, you should consider whether the

Defendants made any efforts to temper the severity of the force he used.  *Whitley v. Albers*, 475 U.S. 312, 321, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986).

You should also consider whether Mr. McNeill was physically injured and the extent of such injury.  But a use of force can violate the Eighth Amendment even if it does not cause significant injury.  And the contrary is also true:  A significant injury does not necessarily mean that the use of force violated the Eighth Amendment.

## Maliciously

"Maliciously" means intentionally injuring another without just cause or reason.  To act "maliciously" means intentionally to do a wrongful act without just cause or excuse, with an intent to inflict injury or under circumstances that show evil intent.

## Sadistically

"Sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty.

**Section 1983 – Access to Mail – Convicted Prisoner**

Generally, inmates have a First Amendment right to communicate with others outside of the of prison. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). However, prison officials may adopt regulations that impinge on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89; *Altizer v. Deeds*, 191 F.3d 540, 547–48 (4th Cir. 1999) (holding that "the opening and inspecting of an inmate's outgoing mail is reasonably related to legitimate penological interests, and, therefore, constitutional . . . ."). Moreover, in noting the delicate nature of prison management, the Supreme Court has "afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world." *Thornburgh*, 490 U.S. at 408 (citation omitted).

Moreover, the Supreme Court has held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S 327, 328 (1986). Where prison officials negligently denied access to the courts, there can be no constitutional violation. *Pink v. Lester*, 52 F.3d 73, 74–75 (4th Cir. 1995) (citing *Daniels* at 328). Isolated or negligent incidents of mail mishandling, while not to be condoned, do not rise to the level of a constitutional violation. *See Davis v. Goard*, 320 F.3d 346, 351 (2d Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430-31 (8th Cir. 1997); *Buie v. Jones*, 717 F.2d 925, 926 (4th Cir.1983); *Pearson v. Simms*, 345 F.Supp.2d 515, 519 (D.Md. 2003) (*aff'd*, 88 F. App'x 639 (4th Cir. 2004)).

Here, Plaintiff alleges that the Defendants failed to deliver him his mail on various dates. , in order to state a claim for denial of access to the courts, Plaintiff must show actual injury or that a

defendant's conduct hindered his efforts to pursue a legal claim.  *See id.*, 518 U.S. at 351-52; *Michau v. Charleston Cty, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006).  The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." *Lewis*, 518 U.S. at 353; *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc).  The Court did not extend the holding to include the right to "litigate effectively once in court."  *Id.* at 354 (disclaiming language in *Bounds v. Smith*, 430 U.S. 817, 825 (1977), suggesting otherwise).

## Section 1983 – Damages – Compensatory

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the Defendants should be held liable.

If you find the Defendants liable, then you must consider the issue of compensatory damages.  You must award Mr. McNeill an amount that will fairly compensate him for any injury he actually sustained as a result of the Defendants' conduct.

Compensatory damages must be based on the evidence presented at trial, and only on that evidence.  Mr. McNeill has the burden of proving compensatory damages by a preponderance of the evidence.

Mr. McNeill claims the following items of damages:

> Physical harm during and after the events at issue, including Mr. McNeill's physical pain and discomfort and any such physical harm that Mr. McNeill is reasonably certain to experience in the future.

### Section 1983 – Damages – Nominal

If you return a verdict for Mr. McNeill, but Mr. McNeill has failed to prove compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no injury actually occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

## Section 1983 – Damages – Punitive

In addition to compensatory or nominal damages, you may consider awarding Mr. McNeill punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury and so receives nominal rather than compensatory damages.

You may only award punitive damages if you find that the Defendants acted maliciously or wantonly in violating Mr. McNeill's federally protected rights.

- A violation is malicious if it was prompted by ill will or spite towards the plaintiff. A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

- A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

*Smith v. Wade*, 461 U.S. 30 (1983). If you find that it is more likely than not that the Defendants acted maliciously or wantonly in violating Mr. McNeill's federal rights, then you may award punitive damages against the Defendants   However, an award of punitive damages is discretionary; that is, if you find the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion. But remember that you cannot award punitive damages unless you have found that the Defendants acted maliciously or wantonly in violating Mr. McNeill's Eighth Amendment rights.

If you found that any of the Defendants acted maliciously or wantonly in violating Mr. McNeill's Eighth Amendment rights, then you should consider the purposes of punitive damages. The purpose of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish the Defendants. You should also consider whether actual damages standing alone are sufficient to deter or prevent the Defendants from performing any wrongful acts he may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those the Defendants may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which the Defendants should be punished for his wrongful conduct toward Mr. McNeill, and the degree to which an award of one sum or another will deter the Defendants or others from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should also consider the nature of the Defendants' action – in other words, how blameworthy that conduct was. You should also consider the amount of harm actually caused by the Defendants' act, as well as the harm the Defendants' act could have caused and the harm that could result if such acts were not deterred in the future.

Respectfully submitted this the 18th day of October, 2021.

JOSHUA H. STEIN
ATTORNEY GENERAL


/s/ Bryan G. Nichols
Bryan G. Nichols
Assistant Attorney General
N.C. State Bar No. 42008
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, North Carolina 27602-0629
Telephone:     (919) 716-6568
Facsimile:     (919) 716-6761
E-Mail:          bnichols@ncdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing Defendants' Proposed Jury Instructions with the Clerk of the Court using the CM/ECF system, and further hereby certify that a true and correct copy has been mailed to the Plaintiff a *non*-CM/ECF participant via regular first-class U. S. Mail addressed as follows.

> James C. McNeill
> OPUS No. 0275601
> Polk Correctional Inst.
> Box 2500
> Butner, NC  27509

This the 18th day of October, 2021.

/s/ Bryan G. Nichols
Bryan G. Nichols
Assistant Attorney General