IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
File No. 3:18-cv-189-GCM

| | |
|---|---|
| James C. McNeill<br>vs. Plaintiff<br>Michael D. Ivinson et al.,<br>Defendants | Plaintiff's<br>TRIAL Brief |

FILED
CHARLOTTE, NC
FEB 15 2022
US DISTRICT COURT
WESTERN DISTRICT OF NC

## STATEMENT OF THE Questions Presented

1. Did the Defendants violate the Plaintiff's First Amendment rights?
2. If so, what damages are Plaintiff entitled to recieve as a result of Defendant's violation of Plaintiff's First Amendment rights?
3. Did the Defendants violate the Plaintiff's Eighth Amendment rights?
4. If so, what damages are Plaintiff entitled to recieve as a result of Defendants violation of Plaintiff's Eighth Amendment rights?

## STATEMENT OF THE ~~the~~ CASE

The Plaintiff in this Action is incarcerated within the custody of the North Carolina Department of Public Safety, Division of Adult Correction ("NCDPS"). Plaintiff commenced this Action by filing a complaint on April 12, 2018. In the complaint, Plaintiff Asserts Const-itutional Claims against the Defendants. On February

3, 2019, the court completed its Frivolity review, dismissed Defendant Herring, and ordered the Clerk to continue management of the case. On June 7, 2019, Defendants Simmons, Allen and Kinney filed an Answer to Plaintiff's Complaint. On December 2, 2020, Defendants Turgeon, Ainson and Horne filed their Answer. On December 14, 2020, a Order was entered by this court granting Defendants Turgeon, Ainson and Horne's Answer be timely filed.

This Court set this matter for Trial beginning for term beginning February 14, 2022. On November 16, 2021 Plaintiff filed "Plaintiff's Motion for Sanctions and Request for an Extension of Time"..... Notifying Court of being deprived of access to his case legal materials, that deprivation is ongoing.

## Statement of the Facts

The Defendants Allen and Horne failed to deliver the Plaintiff his incoming legal mail on various dates while he was housed at Lanesboro Correctional Institution. Defendants Allen, Ainson, Simmons, Turgeon, and Kinney also refused to furnish the Plaintiff his incoming legal mail on June 21, 2017 and on that date when he was denied his legal mail Defendants Ainson, Simmons and Turgeon used excessive force against him as Defendants Allen and Kinney did

The evidence will show that on June 19, 2017 Defendant Allen came to the Plaintiff's cellblock dispensing incoming legal mail and refused to give the Plaintiff his incoming legal mail that she possessed at that time. Defendant Roane, the Unit Manager of Plaintiff's housing unit refused to intervene and take corrective action once the Plaintiff notified him of withheld legal mail violation that occured shortly beforehand on that same evening of June 19, 2017. On June 21, 2017 Plaintiff was summoned to Recieving Area by Defendant Allen to recieve the same piece of legal mail. Once Plaintiff arrived he was shouted at in a abusive manner by Defendant Ainson when Plaintiff attempted to explain what occured on June 19, 2017, after Defendant Allen made false allegations concerning what occured on June 19, 2017. Defendant Allen falsely claimed that Plaintiff called her a profane name and insinuated that this is why she didn't give Plaintiff his legal mail on June 19, 2017. The Plaintiff exited recieving area on June 21, 2017 without signing for and recieving area after Defendant Ainson shouted at Plaintiff in a profane

and abusive manner and approached the plaintiff in a threatening manner. Seconds after walking out of receiving area the plaintiff was stopped by Unit Manager Barbara Vines and who asked plaintiff why did he appear so upset. Once plaintiff explained what had occured just occured in receiving and on June 19, 2017, Ms. Vines instructed the plaintiff to follow her back into the receiving area, with the promise that she would assist the plaintiff in getting his legal mail. The plaintiff entered back into receiving with Ms. Vines. Defendant Simmons assaulted Ms. Vines with pepper spray for attempting to diffuse a situation that defendants made hostile by yelling, stalking me and "running" towards me to "cuff me, pepper spray me and physically assault me for entering back into recieving with Ms. Vines and saying I was going to name defendant Hinson in a lawsuit for denying plaintiff legal mail again while Ms. Vines accompanied him. Defendants Hinson, Turgeon and Simmons used abusive, profain and threatening

Plaintiff while Defendants Allen and Kinney stood by and supported the malicious acts. Defendants Hinson, Turgeon and Simmons further violated the Plaintiff's Constitutional Rights by twisting his arm, jabbing him in the back and shoving him while escorting him to segregation accompanied by Defendant Kinney, there supervisor. Defendants Hinson, Simmons and Turgeon threw Plaintiff against the wall slamming his head right before they entered onto Segregation Unit through the slider door. Defendant Allen also failed to notify the Plaintiff that he had incoming legal mail on June 26, 2017, July 7, 2017 and July 10, 2017. The Plaintiff's litigation against prison officials was impeded due to these actions. The Plaintiff also suffered lower back and nerve injuries that lead to the Plaintiff being prescribed the narcotic pain medicine Tramadol and nerve pain medicine Lyrica afterward.

## ARGUMENT

1. The Defendants denying the Plaintiff his incoming legal mail on June 19, 2017, June 21, 2017, June 26, 2017, July 7, 2017 and July 10, 2017 impeded his litigation against prison officials in active lawsuits that had been deemed non-frivolous by the courts. These acts created a constitutional violation of the 6th and 1st Amendment. Harbury v. Deutch, 511 F.3d

826 (8th Cir. 2008)

2. Defendants Simmons, Ainson, Turgeon, Kinney and Allen did violate the Plaintiffs 8th Amendment Constitutional Rights by using excessive force upon him on June 21, 2017.

Plaintiff's Evidence,

Video Footage evidence and Unit Manager Barbara Vines written statement from June 21, 2017 reveal that what at most could be prejudicially interpreted by the defendants as verbal provocation. by denying there version of the events on June 19, 2017, June 21, 2017 and threatening to sue.

First Amendment forbids prison officials from retaliating prisoners for exercising Right of Free Speech. Bryant v. Finch, 639 F.3d. Defendants committed this specific violation in that manner.

Eighth Amendment forbids the "unnecessary and wanton infliction of pain" Whitley v. Albers, 475 U.S. 312, 319 (1986). Defendants Ainson, Simmons and Turgeon committed this specific

Deliberate indifference in Eighth Amendment cases falls somewhere between mere negligence (carelessness) and actual malice (intent to cause harm). That is, it amounts to recklessness. Farmer v. Brennan, 511 U.S. at 835-36, Wilson v. Seiter 501 U.S. at 297-304. Farmer v. Brennan 511 U.S. at 836. Defendants Kinney, Allen, Turgeon, Simmons and Hanson were guilty of committing a violation of this Deliberate Indifference principle regarding the use of force incident, on June 21, 2019.

NOTE: The Plaintiff is currently under duress from being physically weak, sick with over 30 unresponded to sick call submissions over a 3 month period. Date: January 31, 2022

The Plaintiff is also not being given access to his legal materials in this case.

James C. McNeill
Pro Se Plaintiff
James C. McNeill

Certificate of Service

I do hereby certify that on this date I served a copy of this Brief upon the court and the defendant by placement in the U.S. Mail.

Date: 1/31/22

Pro Se Plaintiff
James C. McNeill